Mr. Chief Justice Johnson delivered the opinion of the Court. The demurrer to the 2d replication to the defendant’s plea of the statute of limitations, was well taken. The replication is not responsive to the plea. The plea is, that more than three years had elapsed since the cause of action had accrued against the defendant Sherrill, and the replication is that the plaintiff commenced her suit upon the same cause of action within three years after the same accrued, and that she afterwards suffered a non suit, and after that commenced her suit again against the defendants (Sherrill and Jordan) upon the same cause of action within twelve months from the date of the non-suit. Every fact and circumstance contained in this replication may be literally true, and yet this may be the first time suit has been instituted against the defendant, Sherrill, upon the cause of action now in suit. The note was executed by Sherrill, McKinney and Jordan, and the first suit may have been instituted against one or both of the latter, and that, too, upon the same cause of action that is now in suit, and yet not against Sherrill, the present defendant. The replication failing in this respect to respond to and set up new matter in avoidance of the plea, it is clear that it could not prevent the operation of the statute of limitations, and that consequently the court ruled correctly in sustaining the demurrer to (it. The court erred in finding for the defendant upon the issue formed upon the defendant’s rejoinder of nul tiel record, interposed to the plaintiff’s first application to the plea of the statute of limitations. The replication avers that the plaintiff, within three years next after the cause of action accrued to her on the note herein sued upon, commenced her action against the said Alan-son P. Sherrill on the same identical cause of action in the Circuit Court of the county of Independence, and that afterwards she elected to take a non--eu.it, and that afterwards, and within one year from such non-suit, she recommenced her action on the same identical cause of action, &c. The replication sets out with particularity the dates of each successive step in the history of the whole proceeding, and is good and sufficient in form, under the issue, as an avoidance of the plea. The variance complained of consists in the fact that in the replication it is alleged that a suit had been brought against Á1 anson P. Sherrill alone, whereas it appeared from the proceeding offered in proof that it was commenced against Alanson P. Sherrill, Charles S. McKinney and E. W. Jordan. The apparent difference in the allegation and the proof, it is conceded, does exist, yet it is not such a variance as to authorize the exclusion of the latter. If the record be set out imperfectly or partially, it is sufficient if enough appear to prove the matter in dispute. As if a man pleads a recovery suffered of one acre and the record brought in is a recovery of two acres, this is good and not a failure of record; as, if two were recovered, one certainly is. So, if a man declares, on a recognizance by J. S., and the record is of a recognizance by J. S. and J. N. jointly and severally, it is good: for J. S. is liable for the whole. (See 1 Esp. N. P. 742.) If the defendant, Sherrill, had been sued before within three years after the cause of action accrued, and then within twelve months after non-suit sued again upon the same cause of action, it is all sufficient for the law, and it cannot be material whether he rv as rued alone or in connection with others, as he, in any event, would be liable for the whole. It is also obj octed that there was no evidence offered to show that the first suit was founded upon the identical cause of the second action, nor that the AI anson P. Sherril 1 named in the first suit is the same as that named in the second. The law did not exact any such proof. When the question of identity was settled in the affirmative, the record was sufficient of itself to prove all the facts therein contained under the state ofpleading. Records may be given in evidence by exemplication or by a copy, and in what cases the record itself or an exemplification, or when a copy is evidence, the distinction is this: where the record is the ground of the action it makes part of the pleadings and appears in the allegations ; in such case it is tried on the issue of nul tiel record, and it shall be tried by the record, as a record is evidence of itself. But where the record is only inducement, in which case it is not traversable, (for nothing is traversable that does not make an end of the matter, and it cannot make an end of matter if fact be joined with it;) in such case therefore the issue must be on the fact and be tried by a jury; a copy of the record may be given in evidence to support the fact, for whenever a record is offered to a jury a copy is evidence. (See 1 Esp. N.P. 741.) The record in this case is made a part of the pleadings in the cause, by being set up and relied upon in the replication, and stands upon precisely the same ground as proof as it would if declared upon as the foundation of the suit. The proof offered by the plaintiff to establish the issue on her part, arising upon the plea of nul tiel record is believed to have been a substantial compliance with the requisitions of the law, and that consequent!}?- the court erred in finding in favor of the defendant. The record shows a seventh rejoinder and issue, drawing in question the truth of the plaintiff’s first replication to the plea of the statute of limitations, and it no where appears that it has been tried, or any disposition whatever made of it. This is a matter, however, of which neither party has a right to complain, as every question therein presented has necessarily been passed upon under the issue of nul tiel recoded. But it is contended that, although the Oii’cuifc Court may have erred in finding for the defendant upon the issue of nul tiel record, yet the plaintiff has no cause of complaint, as she after-wards had the benefit of a full and fair trial by a jury of the country upon all the issues, which were properly triable.by a jury. The record shows that, after the court passed upon the issue of nul tiel record and found for the defendant, that the plaintiff insisted upon having the other issues tried by a jury, and that such trial was actually had, and that, too, against the objection of the defendant. The issues upon the pleas of nil debet and payment were then submitted to a jury, who found likewise in favor of the defendant. The finding of the court upon the issue presented by the rejoinder denying the existence of the record set up by the plaintiff’s first replication disposad of the whole case; and consequently the whole action of the jury subsequently had was extrajudicial and merely nugatory. The plea of the statute of limitations is a plea in bar of the whole action, and the legal effect of the finding upon the issue made upon the rejoinder to the replication is, that no matter is shown to take the instrument sued upon out of the operation of the act, and that consequently the plea must prevail. Upon the finding of the court, therefore, upon the issue thus submitted, the defendant was entitled to a final judgment in his favor, and that, too, wholly irrespective of the other issues; whereas, if the finding had been in favor of the plaintiff, it would not have entitled her to a final judgment upon the merits, but the extent of such finding would have been that the statute bar set up by the plea was avoided, and that if the defendant should succeed in his defence, he must do so on one of the other issues. If this view of the finding by the court be correct, then it is that the jury had nothing before them, and that consequently their finding was unauthorized by law. It is clear that no good could result from a finding by a jury upon the plea of nil debet and payment after it had been judicially ascertained that the action was barred by the statute of limitations. The replication admitted that three years had elapsed since the cause of action accrued and before the institution of this suit, but set up by way of avoidance that she had previously commenced a suit within*three years, which she afterwards abandoned; and that, within one year from such abandonment, she instituted this suit. This being the legal import of her replication, it ia clear that when the court ascertained that there was no record of the essential facts set up as an avoidance of the statute bar, the plea itself stood confessed, and as a matter of course there was an end of the case. If the jury had found the issues submitted to them in favor of the plaintiff, she could not have had a judgment, as this would have presented the anomaly of a defendant having-succeeded upon a plea in bar and a judgment in favor of the plaintiff in the same case. The action of the jury upon the remaining issues after the court'had found for the defendant upon the issues of nul ticl record, being merely extrajudicial, it is obvious that the plaintiff lost nothing by way of a waiver of her rights. We are satisfied, therefore, that the judgment of the Independence Circuit Court herein rendered, is erroneous; and consequently, the same ought to be, and is hereby reversed, and remanded to be proceeded in, according to law, and not inconsistent with this opinion.